# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA WILDLIFE FEDERATION, INC.,
et al.,

      Plaintiffs,

v.                                  CASE NO. 4:08cv324-RH/WCS

STEPHEN L. JOHNSON, etc., et al.,

      Defendants.

_____/

## ORDER GRANTING LEAVE TO INTERVENE

Several associations representing agricultural and industrial interests, as well as the South Florida Water Management District, have moved to intervene either as of right or permissively. I determine that the movants have no right to intervene, but I grant permissive intervention, subject to the limitation that the case will not be delayed in any manner as a result of the intervention.

I. Background

This is a citizen suit brought under §§ 1313(c)(4) and 1365(a) of the Clean Water Act. 33 U.S.C. § 1251 *et seq*. The plaintiffs—several environmental advocacy groups—have sued the Environmental Protection Agency for failure to

promulgate numeric nutrient water quality standards for the State of Florida. The plaintiffs allege that the EPA has a non-discretionary duty to promulgate these standards under § 1365(a) of the Act. The plaintiffs seek declaratory and injunctive relief requiring the EPA to set numeric nutrient water quality standards for the State of Florida.

Now several additional parties have sought leave to intervene as of right or, in the alternative, with the court's permission. First, several associations representing a diverse array of agricultural and industrial interests have moved to intervene. These include the Florida Pulp and Paper Association Environmental Affairs, Inc.; the Florida Farm Bureau Federation; Southeast Milk, Inc.; Florida Citrus Mutual, Inc.; Florida Fruit and Vegetable Association; American Farm Bureau Federation; Florida Stormwater Association; Florida Cattleman's Association; and Florida Engineering Society.

Second, the South Florida Water Management District ("the District") has moved to intervene. The District was established by the State of Florida to manage and govern the water resources of the state. *See* FLA. STAT. § 373.069.

The movants have made essentially the same arguments in their motions to intervene as of right. The agricultural and industrial associations argue that a ruling for the plaintiffs will result in more stringent regulations and deprive the associations of their right under state law to participate in the rulemaking process.

Similarly, the District argues that it is a regulated entity that would be affected by any new standards and the lawsuit might deprive them of their right to participate in the process of developing water quality standards. The District urges that its expertise in this area, as well as its statutory obligation to manage the State of Florida's water resources, necessitate intervention as of right. In the alternative, the movants seek the court's permission to intervene.

## II.  Analysis

Rule 24 provides two ways in which a nonparty may intervene in a lawsuit: intervention as of right and permissive intervention. A party has a right to intervene under Federal Rule of Civil Procedure 24(a)(2) when four requirements are met:

> (1) the application to intervene is timely; (2) the application has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit.

*Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007) (interpreting FED. R. CIV. P. 24(a)).

To merit intervention, "a nonparty's interest must be 'direct, substantial, [and] legally protectable.'" *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d

704, 707 (11th Cir. 1991) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). The party seeking to intervene by right "must show that it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). The legally protectable interest must be something more than an economic interest; it must "be one which the *substantive* law recognizes as belonging to or being owned by the applicant." *Id.* In other words, it is an interest derived from a legal right. *Id*.

A court may grant a nonparty *permission* to intervene when the nonparty files a timely motion and "is given a conditional right to intervene by federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). A nonparty seeking to intervene with the court's permission must state an interest that is related to the action pending before the court. *See Mt. Hawley*, 425 F.3d at 1312 (affirming the denial of a nonparty's motion for permissive intervention where the nonparty's purpose was not directly related to the underlying action). A district court has broad discretion in deciding whether to let a nonparty intervene under Rule 24(b), even when the nonparty has met the requirements of the rule. *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991).

### A.  Intervention as of Right

The movants anchor their motions to intervene as of right on the claim that, if the plaintiffs succeed in this case, the movants will be subjected to new water quality standards without being afforded the right to participate in the development of the standards.

This argument misunderstands the nature of the present action and the precise relief sought by the plaintiffs.  In this case, the plaintiffs are seeking a determination that the EPA has a non-discretionary duty to promulgate numeric nutrient water pollution standards for the State of Florida.  The sole issue to be decided in the litigation is whether the EPA made a determination that Florida's existing narrative water quality standards for nutrient pollution are inadequate.  If the plaintiffs succeed on their claim, they will obtain an injunction compelling the EPA the promulgate numeric nutrient water quality standards.  But this lawsuit will not determine what those standards will be.

If the court were to determine the actual standards to be set in the present case, the movants would have a right to intervene. *See, e.g., S. Fla. Water Mgmt Dist.*, 922 F.2d at 706 (holding that farm and agricultural organizations have a right to intervene where the plaintiffs asked "the District Court to translate the state's narrative water quality standards into numeric criteria").  The movants do not, however, have a legal right to participate in the adjudication of whether the EPA

has failed to perform a non-discretionary duty under the Clean Water Act. For these reasons, the movants do not have a legally protectable interest in the subject matter of this case. *See Mt. Hawley*, 425 F.3d at 1311 (finding that "purely speculative" interests are not legally protectable under the intervention-of-right standard).

Additionally, any action taken by the EPA based on this lawsuit will not impair the movants' legal interest in participating in the development of numeric nutrient water quality standards at the state or federal level.  Under the Clean Water Act, the EPA Administrator has a non-discretionary duty to promulgate water quality standards only *after* a determination has been made that the state has failed to do so itself.  *See* 33 U.S.C. § 1313(c)(4) (stating the conditions under which the EPA must act to promulgate water quality standards).  If the plaintiffs prevail in the case at bar, it will be because the State of Florida failed to act after the EPA determined that its water quality standards were inadequate.  When the state fails to act, there are no state water quality proceedings in which to participate. Alternatively, if the State of Florida develops numeric nutrient water quality standards that meet the requirements of the Clean Water Act prior to a standard being developed by the EPA, this lawsuit will not impair the movants' ability to participate in those state proceedings.  *See* § 1313(c)(4) (reserving the ability of the state to promulgate an approved revised standard prior to the EPA standards taking

effect).

If, as a result of this lawsuit, the EPA is compelled to develop numeric nutrient water quality standards for the State of Florida, this process will still be subject to notice and comment rulemaking, affording the movants an adequate opportunity to protect their interests. *See* 33 U.S.C. § 1251(e) (encouraging public participation in the development of "any regulation, standard, effluent limitation, plan, or program established by the [EPA] Administrator or any State under this chapter..."); *see also* § 1313(c)(4)(B) (providing ninety day window for revision of the proposed EPA regulation). Thus, the movants' rights will not be substantially impaired by the adjudication of this dispute between the parties.

### B.  Permissive Intervention

A court is given broad discretion to allow a nonparty to intervene in a lawsuit where the nonparty's claim contains a common question of law or fact and intervention will not hinder the adjudication of the original lawsuit. *See, e.g., Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002) ("Permissive intervention . . . is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties").

In this case, it is clear that the movants' positions share common questions

of law and fact with the EPA position.  Moreover, allowing the movants to intervene with the understanding that the action will not be delayed because of their intervention will not prejudice the existing parties.

For these reasons,

IT IS ORDERED:

1.  The agricultural and industrial associations' motion to intervene (document 33) is GRANTED.  Their proposed answer (document 34) is deemed their answer and is deemed properly filed this date.

2.  The South Florida Water Management District's motion to intervene (document 36) is GRANTED.  Their answer (document 35) is deemed properly filed this date.

SO ORDERED on February 2, 2009.

s/Robert L. Hinkle
Chief United States District Judge
