IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA WILDLIFE
FEDERATION, INC., et al.,

      Plaintiffs,

vs.                                       CONSOLIDATED CASE
                                          NO. 4:08-cv-324-RH-WCS

LISA P. JACKSON, et al.,

      Defendants.
_____/

THE FERTILIZER INSTITUTE et al.,

      Plaintiffs,

vs.                                       CASE NO. 4:11-cv-51-RH-WCS

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

      Defendant.
_____/

STATE OF FLORIDA et al.,

      Plaintiffs,

vs.                                     CASE NO. 4:11-cv-61-RH-WCS

LISA P. JACKSON, et al.,

      Defendants.
_____/

FLORIDA WILDLIFE
FEDERATION, INC., et al.,

        Plaintiffs,

                                                  CASE NO. 4:10-cv-511-RH-WCS

vs.

THE UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY et al.,

        Defendants.

_____

## MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE BY NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 7, the National Association of Clean Water Agencies (NACWA) files this Motion for Leave of Court to File a Brief of Amicus Curiae, and states:

    1. NACWA is a national trade organization representing the interests of the nation's publicly owned wastewater and stormwater utilities and has unique interests in, and information to offer the court regarding, the federally mandated numeric nutrient criteria for Florida's waters that are the subject of this case.

    2. United States district courts have "the inherent authority to appoint amici curiae, or 'friends of the court,' to assist it in a proceeding." *See, e.g., Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991) (granting motion to appear as amicus curiae) (citations omitted) (emphasis omitted); *see also Liberty Resources, Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Penn. 2005); *DeJulio v. State of Georgia*, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001).

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

"An amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007) (emphasis omitted) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). Participation of an amicus is viewed favorably where the amicus "will ensure complete and plenary presentation of difficult issues so that the court may reach a proper decision" or where a case involves an "issue of general public interest." *Liberty Resources*, 395 F. Supp. 2d at 209 (citation omitted).

NACWA represents the interests of the nation's publicly owned wastewater and stormwater utilities with nearly 300 public utility members nationwide, including 12 utility members in Florida. NACWA and its members have a strong interest in this case because of the national implications of the U.S. Environmental Protection Agency's (EPA) actions in (i) asserting the need for federally mandated numeric nutrient criteria for Florida's waters and (ii) establishing numeric nutrient criteria using controversial scientific and regulatory approaches. NACWA has a unique perspective on these matters because the resolution of the various challenges to EPA's actions by this Court will impact how EPA implements federal nutrient policies nationwide. Furthermore, NACWA can provide information from its members regarding nutrients policy and science that the parties before this Court may not otherwise possess.

Many NACWA members face or have already had nutrient requirements imposed and, as such, have a strong interest in the Court's resolution of the issues raised by EPA's

approach for Florida's water bodies. NACWA's members represent a wide range of different geographic locations and service area population sizes and NACWA will be able to represent this general public interest effectively and efficiently. NACWA clearly has "unique information and perspective" not represented by the current parties that will assist the Court's review and decision making. NACWA will bring the broader perspective of a national network of publicly owned wastewater and stormwater utilities regarding nutrient regulation under the Clean Water Act and EPA's challenged actions with regard to Florida.

## CONCLUSION

For all of the foregoing reasons, NACWA respectfully asks the Court to grant its Motion for Leave to File a Brief of Amicus Curiae. NACWA anticipates that it will coordinate the filing of its Amicus Curiae Brief consistent with the existing scheduling order, or when the Court otherwise invites NACWA's participation.

Dated: April 7, 2011

By: _____
Karen M. Hansen, Esq.
D.C. Bar No. 467317
Beveridge & Diamond, P.C.
1350 I Street, N.W., Suite 700
Washington, D.C. 20005-3311
Tel.: (202) 789-6056
Fax: (202) 789-6190
Email: khansen@bdlaw.com

## CERTIFICATE OF LOCAL RULE 7.1(B) COMPLIANCE

Pursuant to Local Rule 7.1(b), counsel for NACWA has conferred with counsel for the U.S. Environmental Protection Agency and for the Florida Wildlife Federation as

to the filing of this motion. Counsel for the plaintiffs does not object to this motion, and counsel for the defendants takes no position regarding this motion.

Dated: April 7, 2011

_/s/ Karen M. Hansen_
Karen M. Hansen

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2011, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated: April 7, 2011

_/s/ Karen M. Hansen_
Karen M. Hansen