IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA WILDLIFE
FEDERATION, INC. et al.,

      Plaintiffs,

v.                                  CONSOLIDATED CASE
                                    NO.  4:08cv324-RH/WCS

LISA P. JACKSON, etc., et al.,

      Defendants.

_____/

**ORDER APPROVING THE EXTENSION OF THE LAKE AND
FLOWING-WATER RULE'S EFFECTIVE DATE TO JULY 6, 2012**

      The opinion on the merits and the resulting judgments in each of these cases upheld—with two exceptions—the federal rule setting numeric nutrient criteria for Florida lakes and flowing waters.  The opinion and judgments included this declaration:

> Each valid provision of the rule will take effect on March 6, 2012—or an extended date approved by the court under section X of the consent decree—unless by that date the provision has been superseded by a Florida rule that the Administrator has approved.

*E.g.*, Judgment ¶ 2, ECF No. 353.   The Administrator has moved to "clarify" the opinion and judgments by in effect eliminating the quoted sentence.  Alternatively,

the Administrator asks to extend the rule's effective date under section X of the consent decree. The Florida Wildlife parties have filed a response in opposition to the motion.

The consent decree required the Administrator to sign for publication by a date certain a notice of final rulemaking. Section X of the consent decree allowed an extension of the deadline with the Florida Wildlife parties' agreement or the court's approval. But the consent decree did not explicitly speak to the *effective date* of a rule. The Administrator made the rule effective at a date of her choice—March 6, 2012—and no party objected. The Administrator asserts she was free to extend the effective date unilaterally, without the Florida Wildlife parties' agreement or the court's approval. Based on this view, the Administrator signed for publication on February 16, 2012, a rule extending the nutrient rule's effective date to July 6, 2012.

At the oral argument in this court in January, the Administrator indicated she might seek to extend the rule's effective date, and the Florida Wildlife parties indicated they would or might oppose an extension. Neither side raised the issue of whether an extension would be subject to section X of the consent decree. When I issued the opinion on the merits on February 18, 2012, I was unaware that on February 16 the Administrator had signed a rule extending the deadline to July 6, 2012. I was unaware of the Administrator's position that an extension of the

nutrient rule's effective date did not require either the Florida Wildlife parties' agreement or the court's approval.

The Florida Wildlife parties disagree with the Administrator's position. They assert that the proposed extension of the effective date is inconsistent with the consent decree and the Clean Water Act and will result in degradation of Florida's waters. For a long enough extension that would be so. But an extension until July 6—under all the circumstances and in light of the state's proposal of its own numeric nutrient criteria and the invalidation of a portion of the federal rule—is reasonable. The Florida Wildlife parties suggest the Clean Water Act is not this flexible, and perhaps it is not. But the equitable principles that guide a federal court in issuing and modifying an injunction *are* this flexible.

For these reasons,

IT IS ORDERED:

The motion to clarify the February 18 order or alternatively for approval to extend the numeric nutrient rule's effective date, ECF No. 354, is GRANTED to the extent set out in this order. Based on section X of the consent decree, the requirement for the Administrator to sign for publication a notice of final rulemaking for numeric nutrient criteria for Florida lakes and flowing waters is modified to allow the rule's effective date to be extended to not later than July 6,

2012.  This order does not affect the schedule for a rule for flowing waters in the South Florida region.

    SO ORDERED on March 5, 2012.

                                          s/Robert L. Hinkle
                                          United States District Judge